**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DARLENE DEEGAN,**

**Plaintiff,**
**v.**

**CASE NO.:**

**OCWEN LOAN SERVICING, LLC. and SPECIALIZED LOAN SERVICING, LLC**

**Defendant.**
______________________________________/

**COMPLAINT**

Plaintiff, DARLENE DEEGAN, by and through the undersigned counsel, and files this Complaint against Defendants, OCWEN LOAN SERVICING, LLC, a Foreign for-profit corporation (OCWEN), and SPECIALIZED LOAN SERVICING, LLC, a Foreign for-profit corporation (SLS) (collectively "Defendants"), for violations of 47 U.S.C. §§ 227 et seq., Telephone Consumer Protection Act (TCPA), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and Florida Statutes §§ 559.55 – 559.785, Florida Consumer Collection Practices Act (FCCPA), and in support thereof states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

2. Venue for purposes of this action is proper in this District pursuant to 28 U.S.C. § 1391.

3. Violations described in the Complaint occurred while Plaintiff was in Hudson, Florida (Pasco County).

**PARTIES**

4. At all material times relevant to this action, Plaintiff is/was a natural person and citizen of the State of Florida, residing in Hudson, Florida

5. At all material times relevant to this action, Plaintiff is/was a "consumer" as defined in Florida Statute § 559.55(8) 15 U.S.C. § 1692(a)(3).

6. At all material times relevant to this action, Plaintiff is/was an "alleged debtor."

7. At all material times relevant to this action, Plaintiff was the "called party" during each phone call subject to this lawsuit. *See Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014); *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

8. At all material times relevant to this action, Defendant OCWEN, is/was a Foreign Profit Limited Liability Company with its principal place of business in West Palm, Florida and conducts business in the State of Florida.

9. At all material times relevant to this action, Defendant SLS, is/was a Foreign Profit Limited Liability Company with its principal place of business in Highlands Ranch, Colorado and conducts business in the State of Florida

10. At all material times relevant to this action, Defendants are/were a "Creditor" as defined by Florida Statute § 559.55(5) and 15 U.S.C. § 1692(a)(4).

11. At all material times relevant to this action, Defendants are/were a "Debt Collector" as defined by Florida Statute § 559.55(7) and 15 U.S.C. § 1692(a)(6).

**FACTUAL ALLEGATIONS**

12. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute § 559.55(6) and 15 U.S.C. § 1692(a)(5).

13. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (727) 495-4816.

14. At all times material Plaintiff was the regular user and carrier of the "landline" telephone number at issue, (727) 862-1633.

15. Defendants intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

16. Defendants did not have the "express consent" of the Plaintiff to call her cell phone.

17. Defendants did not have the "express consent" per the TCPA to call the Plaintiff on her cell phone using an "automatic telephone dialing system" (ATDS).

18. Defendants were put on notice Plaintiff did not want the Defendants contacting her.

19. Defendants did not have the "express consent" of the Plaintiff to call her on any accounts in which Defendants made calls to the Plaintiff.

20. Defendants were told repeatedly to stop calling.

21. Any "expressed consent", to the extent any existed, the Defendants may have had or believed they had to contact the Plaintiff, was expressly revoked by the Plaintiff.

22. Any "expressed consent", to the extent any existed, the Defendants may have had or believed they had to contact the Plaintiff's aforementioned cellular telephone number by the use of an ATDS or a pre-recorded or artificial voice, was expressly revoked by the Plaintiff.

23. Upon information and belief, Defendants are in custody and control of audio recordings of all calls made to the Plaintiff which are the subject of this action.

24. Defendants attempted to collect an alleged debt from the Plaintiff by through their campaign of telephone calls with intent to annoy and harass the Plaintiff.

25. Defendants made at least one call to (727) 495-4816.

26. Defendants made at least one call to (727) 495-4816 using an ATDS.

27. Defendants made at least ten (10) calls to (727) 495-4816.

28. Defendants made at least ten (10) calls to (727) 495-4816 using an ATDS.

29. Defendants made at least fifty (50) calls to (727) 495-4816.

30. Defendants made at least fifty (50) calls to (727) 495-4816 using an ATDS.

31. Defendants made at least one hundred (100) calls to (727) 495-4816.

32. Defendants made at least one hundred (100) calls to (727) 495-4816 using an ATDS.

33. Each call the Defendants made to (727) 495-4816 in the last four years was made using an ATDS.

34. Defendants made at least one call to (727) 862-1633.

35. Defendants made at least one call to ((727) 862-1633 using an ATDS.

36. Defendants made at least ten (10) calls to (727) 862-1633.

37. Defendants made at least ten (10) calls to (727) 862-1633 using an ATDS.

38. Defendants made at least fifty (50) calls to (727) 862-1633.

39. Defendants made at least fifty (50) calls to (727) 862-1633 using an ATDS.

40. Defendants made at least one hundred (100) calls to (727) 862-1633.

41. Defendants made at least one hundred (100) calls to (727) 862-1633 using an ATDS.

42. Each call the Defendants made to (727) 862-1633 in the last four years was made using an ATDS.

43. Each call the Defendants made to the Plaintiff's cell phone was done so without the "express consent" of the Plaintiff.

44. Each call the Defendants made to the Plaintiff was made using an ATDS, which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C § 227(a)(1).

45. The calls at issue were placed by the Defendants using a "prerecorded voice," as specified by the, 47 U.S.C. § 227(b)(1)(A).

46. Plaintiff repeatedly requested the Defendants to stop calling her cell phone, however, the Defendants continued to make calls.

47. Plaintiff put Defendants on notice that Plaintiff did not want any phone calls from Defendants.

48. Defendants ignored Plaintiff's requests to not be contacted by Defendants.

49. Defendants have recorded at least one conversation with the Plaintiff.

50. Defendants have recorded numerous conversations with the Plaintiff.

51. Defendants have made approximately one hundred (100) calls to Plaintiff's aforementioned cellular telephone number in the past four years.

52. Despite actual knowledge of their wrongdoing, the Defendants continued the campaign of abusive, annoying, and harassing robocalls.

53. Defendants' aggravating and annoying phone calls trespassed upon and interfered with Plaintiff's rights and interests in her cellular telephone and cellular telephone line, by intruding upon Plaintiff's seclusion.

54. Defendants' phone calls harmed Plaintiff by wasting her time.

55. Moreover, "wireless customers [like Plaintiff] are charged for incoming calls whether they pay in advance or after the minutes are used." In re: *Rules Implementing the TCPA of 1991*, 23 FCC Rcd 559, 562 (2007). Defendants' phone calls harmed Plaintiff by depleting the battery life on her cellular telephone, and by using minutes allocated to Plaintiff by her cellular telephone service provider.

56. Defendants' corporate policies and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendants may have mistakenly believed it had.

57. Defendants' corporate policies and procedures provided no means for the Plaintiff to have her aforementioned cellular number removed from the call list.

58. Defendants have corporate policies of using an ATDS or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

59. Defendants never had the Plaintiff's expressed consent for placement of telephone calls to her aforementioned cellular telephone by the use of an ATDS or a pre-recorded or artificial voice.

60. No telephone calls made by the Defendants' to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

61. Defendants violated the TCPA, FDCPA, and FCCPA with respect to the Plaintiff.

62. Defendants willfully or knowingly violated the TCPA, FDCPA, and FCCPA with respect to the Plaintiff.

**COUNT I**
**(Violation of the TCPA)**

63. Plaintiff incorporates Paragraphs one (1) through sixty-two (62).

64. Defendants willfully violated the TCPA with respect to the Plaintiff each time they called the Plaintiff after she revoked her consent to be called by them using an ATDS or pre-recorded voice.

65. Defendants knowingly violated the TCPA with respect to the Plaintiff, for each of the auto-dialed calls made to Plaintiff's cellular telephone after Plaintiff revoked her consent, to the extent any existed, to be called by Defendants using an ATDS or pre-recorded voice.

66. Defendants, repeatedly placed non-emergency telephone calls to the wireless telephone number of Plaintiff using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

67. As a result of Defendants' conduct, Plaintiff suffered actual damages and, under § 227(b)(3)(B), is entitled to, inter alia, a minimum of $500.00 in damages for each such violation of the TCPA.

68. As a result of Defendants' knowing and willful conduct, Plaintiff is entitled to actual damages and, under § 227(b)(3)(C), is entitled to, inter alia, a an award to an amount equal to not more than 3 times the amount in paragraph sixty-seven (67) above for each such violation of the TCPA.

69. Plaintiff is also entitled to, and does, seek injunctive relief prohibiting Defendants from violating the TCPA in the future.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendants for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

**COUNT II**
**(Violation of the FDCPA)**

70. Plaintiff incorporates Paragraphs one (1) through sixty-two (62).

71. At all times relevant to this action, Defendants are subject to and must abide by 15 U.S.C. § 1692 *et seq.*

72. Defendants engaged in an act or omission prohibited under 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

73. Defendants engaged in an act or omission prohibited under 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

74. Defendants engaged in an act or omission prohibited under 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

**COUNT III**
**(Violation of the FCCPA)**

75. Plaintiff incorporates Paragraphs one (1) through sixty-two (62).

76. At all times relevant to this action Defendants are subject to Florida Statute § 559.72.

77. Defendants have violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of her family with such frequency as can reasonably be expected to harass the debtor or her family.

78. Defendants have violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the alleged debtor or any member of her family.

79. Defendants have violated Florida Statute § 559.72(9) by attempting to enforce a debt when Defendants knew that the debt is not legitimate or asserted the existence of some legal right when Defendants knew that right does not exist.

80. Defendants' actions have directly and proximately resulted in Plaintiff's damages and entitlement thereto as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendants for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, and any other such relief the court may deem just and proper.

**COUNT IV**
**(Invasion of Privacy – Intrusion Upon Seclusion)**

81. Plaintiff incorporates Paragraphs one (1) through sixty-two (62).

82. Defendants through their collection conduct, have repeatedly and intentionally invaded Plaintiff's privacy.

83. All of the calls made to Plaintiff's cell phone by Defendants and their agents using an automatic telephone dialing system were made in violation of the TCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

84. Defendants' persistent autodialed calls to her cellular phone eliminated Plaintiff's right to be left alone.

85. Defendants' autodialed collection calls disrupted Plaintiff's privacy, disrupted Plaintiff's sleep, disrupted Plaintiff during mealtimes, disrupted Plaintiff during her work, and continually frustrated and annoyed Plaintiff.

86. These persistent autodialed collection calls eliminated the peace and solitude that the Plaintiff would have otherwise had in Plaintiff's home and anywhere else Plaintiff went with her cellular phone.

87. By calling her cellular phone, Plaintiff had no escape from these collection calls either in her home or when she left the home.

88. By persistently autodialing Plaintiff's cellular phone without prior express consent, Defendants invaded Plaintiff's right to privacy under the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

89. Defendants' harassing collection conduct and tactic of repeatedly auto dialing Plaintiff to her cellular telephone after requests to stop is highly offensive to a reasonable person.

90. Defendants intentionally intruded upon Plaintiff's solitude and seclusion.

91. As a result of Defendants' action or inaction, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendants for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

Dated this 23rd day of August, 2019.

Respectfully submitted,

***/s/ Bobby A. Lean, Jr.***
Carlos V. Leach, Esq.
Florida Bar No.: 0540021
Bobby A. Lean, Jr., Esq.
Florida Bar No.: 118769
The Leach Firm, P.A
1950 Lee Rd., Suite 213
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 423-5864
Primary Email: blean@theleachfirm.com
Secondary Email: yhernandez@theleachfirm.com

***Attorneys for Plaintiffs***